The opinion of the Court was delivered at the following November term, by
Parker C. J.
Several of the points intended to be reserved in this case have been decided in the preceding. But there is an objection in this, which did not exist in that, viz. that there was no sufficient evidence of a demand upon the makers, or of due diligence to make it. And the question is, whether going to their place of business, finding it shut, no person being left there to answer any inquiries, is due diligence. We put out of the case the declaration of the witness, that he made diligent inquiry, because it does not appear where or of whom he inquired, and as the promisors both lived in Boston, if inquiry was necessary, it would hardly seem that enough was made.
It seems, however, by the authorities, that what was done was sufficient, provided the witness went to the place of business of the makers in business hours ; which is not stated in his testimony. And if, upon further application to Stevenson, he is not able to state this fact, a new trial may be hade or the plaintiff ought to become nonsuit. But supposing this to be with the plaintiff he is entitled to recover.[1]

 See Williams v. Bank of the United States, 2 Peters’s S. C. R. 96; Ogden v. Cowley, 2 Johns. R. 274. It has, however, been held, that where a demand is made at the maker’s house, and the house is shut, and he has gene away, some endeavour must be made to find him. Sullivan v. Mitchell, 1 Car. Law Repos. 482; Collins v. Butler, Str. 1087.